IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL EARL WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 09 C 6685 |
| ) | |
| DONALD GAETZ, Warden, ) | Judge Virginia M. Kendall |
| Mendard Correction Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Earl Williams ("Williams"), proceeding *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking to vacate his sentence of natural life in prison imposed by the Circuit Court of Cook County, Illinois, and reduce his sentence to forty years of imprisonment. Respondent Warden Donald Gaetz ("Gaetz") moves to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).[1] For the reasons set forth below, Gaetz's Motion to Dismiss is granted and Williams' petition is dismissed.

## PROCEDURAL BACKGROUND

On July 13, 1992, Williams was convicted of first degree murder as a result of his involvement in the beating death of Kenneth Adams on February 7, 1989.[2] (Pet. 3; Resp't Ex.A, Cert. Stmt. 10; Resp't Ex. B, Rule 23 Order in *People v. Williams and Riddle*, Nos. 1-92-3861 & 1-

---

[1] Williams also names two judges of the Circuit Court of Cook County, Bertina Lampkin and Kathleen Pantle, as respondents to his petition. However, a petition for federal habeas corpus may only be brought against "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. Thus, "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Thus, Judges Lampkin and Pantle are dismissed as improper respondents to this petition.

[2] In deciding this Motion to Dismiss, the Court may take judicial notice of matters in the public record without converting the Motion into one for summary judgment. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

92-3862 (cons.)) On February 9, 1996, the conviction was affirmed on direct appeal by the Illinois Appellate Court. *See People v. Williams*, 698 N.E.2d 721 (Table) (Ill. App. Ct. 1996). Williams then filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court, which was denied on December 4, 1996. (Pet. 4; Resp't Ex. C, denial of PLA in *People v. Williams*, No. 81989; *People v. Williams*, 675 N.E.2d 639 (Table) (Ill. Dec. 4, 1996).) Williams did not file a petition for a writ of *certiorari* in the United States Supreme Court following the denial of his PLA. Williams' criminal judgment and conviction thus became final on March 4, 1997, ninety days after judgment and the date on which his time for filing a petition for *certiorari* expired. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

More than three years later, on November 8, 2000, Williams mailed his first petition for post-conviction relief, arguing that the Illinois Habitual Criminal Act, 720 ILCS 5/33B-1 *et seq.* (repealed by P.A. 95-1052, § 93, eff. July 1, 2009) under which he had received his life sentence, was unconstitutional pursuant to the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The petition was filed on November 28, 2000 in the Circuit Court of Cook County, Illinois. (Pet. 6; Resp't Ex. A, Cert. Stmt. 12; Resp't Ex. D, Pet. Relief 1.) The Circuit Court dismissed the petition on December 13, 2000 as frivolous and patently without merit. (Resp't Ex. A, Cert. Stmt. 12.) The trial court denied Williams' motion for permission to file a late notice of appeal on February 9, 2001. (*Id.*) On July 22, 2004, Williams filed a second petition for post-conviction relief in the Circuit Court of Cook County. (Resp't Ex. A, Cert. Stmt. 13; Resp't Ex. E, Second Pet. Relief 2; Resp't Ex. F, Oct. 14, 2004 Order.) On October 14, 2004, the court denied Williams leave to file the successive petition, pursuant to 725 ILCS 5/122-1. (Resp't Ex. F, Oct. 14,

2004 Order.) On August 29, 2005, Williams' motion for permission to file a late notice of appeal was denied by the appellate court. (Resp't Ex. G, Aug. 29, 2005 Order.)

On April 11, 2007, Williams filed a mandamus complaint in the Circuit Court of Cook County arguing that his sentence was void because the trial court had improperly relied upon an incomplete pre-sentence investigation report and otherwise exceeded its sentencing authority. (Resp't Ex. H, Pet. Mandamus.) On June 7, 2007, the Circuit Court denied the petition. (Resp't Ex. A, Cert. Stmt. 14; Resp't Ex. I, June 7, 2007 Order.) On May 27, 2009, the appellate court affirmed. (Resp't Ex. J, May 27, 2009 Order.) On September 30, 2009, the Illinois Supreme Court denied Williams' second PLA. (Resp't Ex. K, September 30, 2009 Order.)

On September 17, 2008, Williams filed a second mandamus complaint in the Circuit Court of Cook County. (Resp't Ex. L, Second Pet. Mandamus 1.) The trial court dismissed the complaint on July 31, 2009. (Resp't Ex. M, July 31, 2009 Order.) Williams did not file anything in that court following the denial of his second mandamus complaint. On October 19, 2009, Williams filed this federal petition for a writ of habeas corpus.[3]

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of one of four dates: (A) "the date on which the judgment became final by the conclusion of direct

---

[3] The petition was received and filed by the court clerk on October 22, 2009. (Pet. 3.) According to the notice of filing attached to Williams' habeas petition, however, Williams signed, filed, and placed copies of the petition in the prison mailing system on October 19, 2009. (Pet. 9; Pet. Notice of Filing.) A petitioner's habeas petition is deemed filed on the day he gave it to prison authorities to place in the prison mailing system, not the date on which it was received by the court clerk. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999). Thus, the Court considers the petition filed as of October 19, 2009.

review or the expiration of the time for seeking such review"; (B) the date on which a state-created impediment to filing that was either unconstitutional or in violation of the laws of the United States was removed; (C) the date on which a new constitutional right was recognized by the Supreme Court, if that new right was made retroactively applicable to cases on collateral review; or (D) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See id.*

### A. Section 2244(d)(1)(A)

Under 28 U.S.C. § 2244(d)(1)(A), Williams would have been required to file his petition for a writ of habeas corpus on or before March 4, 1998—one year from the date on which his conviction became final. However, Williams did not file his first post-conviction petition for relief until November 28, 2000. Although "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one-year statute of limitations, 28 U.S.C. § 2244(d)(2), Williams is not entitled to any tolling of the statute of limitations period because he did not seek any state post-conviction relief or review until well after the federal statutory period had run.

Nevertheless, Williams argues that this petition is timely filed following the conclusion of state-court proceedings related to the mandamus petitions that he brought before the Circuit Court of Cook County in 2007 and 2008. Although Williams properly appealed the denial of his mandamus petition during the 2007 proceedings and then filed a second mandamus petition in the Circuit Court of Cook County on September 17, 2008, neither of these proceedings toll the one year limitations period applicable to an application for a writ of habeas corpus following the final judgment of a state court because they were initiated here long after the expiration of that one-year

4

period. *See Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005). "The state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding," that is, the clock does not restart simply because Williams initiated state court post-conviction proceedings many years after the expiration of his one-year statutory period. *Id*. Because no state collateral review was pending during the critical first year after Williams' conviction, his later-filed state proceedings do not toll the statute of limitations period for purposes of § 2244(d)(1)(A).

**B. Section 2244(d)(1)(B)**

Section 2244(d)(1)(B) is inapplicable here because there is no reference to any state-created impediment that kept Williams from filing a timely habeas corpus petition. Because § 2244(d)(1)(B) requires that the asserted impediment to timely filing have been imposed by the state and not anyone else, and there are no facts in the record that would allow an inference of state-created impediments to Williams' filings, § 2244(d)(1)(B) does not apply.

**C. Section 2244(d)(1)(C)**

Section 2244(d)(1)(C) is also inapplicable here, despite Williams' belief that his sentence was wrongfully enhanced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Williams maintains that the trial court's application of the Illinois Habitual Criminal Act, 720 ILCS 5/33B-1 *et seq.* (repealed by P.A. 95-1052, § 93, eff. July 1, 2009), denied Williams his Sixth Amendment notice and jury trial guarantees by enhancing his sentence from 40 years imprisonment to a sentence of natural life without proper notice and in violation of the constitutional rules first recognized in *Apprendi*. Section 2244(d)(1)(C) provides that, in cases where the petitioner is asserting a newly recognized constitutional right, the one-year limitations period for raising a claim based on that right

5

should be measured from "the date on which the constitutional right asserted was initially recognized by the Supreme Court." Thus, Williams argues that the limitations period should begin at the time of the Supreme Court's decision in *Apprendi*, rather than at the date of his 1997 conviction.

This argument fails for two reasons. First, *Apprendi* held that any fact used to increase the penalty for a state crime beyond the prescribed statutory maximum, *other than* the fact of a prior conviction, must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added). Williams received a life sentence as a habitual offender, (Resp't Ex. B, Rule 23 Order in *People v. Williams and Riddle*, Nos. 1-92-3861 & 1-92-3862 (cons.)), therefore, his sentence is not affected by the Supreme Court's ruling in *Apprendi*. *See, e.g., United States v. Glover*, 479 F.3d 511, 521-22 (7th Cir. 2007) (district court's determination that defendant was career offender did not violate *Apprendi*).

Secondly, even if *Apprendi* applied, this alone would not serve to reset the statute of limitations because § 2244(d)(1)(C) expressly requires that the new right be made retroactively applicable to cases on collateral review, and the rule announced in *Apprendi* does not apply retroactively. *See White v. Battaglia*, 454 F.3d 705, 706 (7th Cir. 2006) (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004)); *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (*Apprendi* held non-retroactive under the principles established by *Teague v. Lane*, 489 U.S. 288 (1989)). Thus, the decision does not apply to criminal cases in which direct appeals were exhausted before *Apprendi* was decided. *See, e.g., Curtis*, 294 F.3d at 844 (*Apprendi* . . . does not disturb sentences that become final before June 26, 2000, the date of its release."); *People v. De La Paz*, 791 N.E.2d 489 (2003).

Thus, § 2244(d)(1)(C) does not apply here to extend the period of time in which Williams should have filed his petition for a writ of habeas corpus. The doctrine announced in the 2000

*Apprendi* decision does not apply to Williams, because his sentence was imposed on the basis of his status as a career offender and was therefore not affected by *Apprendi*. Moreover, *Apprendi* is non-retroactive, and cannot serve to alter sentences, like Williams' sentence, imposed before the date upon which it was decided. Williams' *Apprendi* argument is therefore unavailing.

### D. Section 2244(d)(1)(D)

Finally, Williams makes some procedural contentions concerning the state court's adjudication and response to his mandamus complaint. Liberally construed, these claims could be interpreted as arguing, pursuant to § 2244(d)(1)(D), that the state court's alleged failure to properly respond to Williams' mandamus complaint is a newly discovered factual predicate for habeas relief. Errors of state law and state law challenges to the state court's procedures, however, are not cognizable as grounds for habeas petitions. *See Perruquet v. Briley*, 390 F.3d 505, 511-512 (7th Cir. 2004) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) ("The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under *federal law* can the federal court intervene.") (emphasis added). As a result, § 2244(d)(1)(D) is inapplicable in this instance.

Because no other sections of § 2244(d)(1) apply here, Williams' one-year statute of limitations period must therefore be calculated based on 28 U.S.C. § 2244(d)(1)(A), from the date on which his judgment became final by the conclusion of direct review. As explained above, that one-year period expired on March 4, 1998, and Williams' current petition for a writ of habeas corpus, filed on October 19, 2009, is untimely.

7

**E. Equitable Tolling**

Notwithstanding Williams' failure to timely file this petition pursuant to the requirements of § 2244(d)(1), the Court will consider whether the doctrine of equitable tolling might apply in this case. The limitations period may be tolled if the petitioner can establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance far beyond his control stood in the way of timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 419 n.8 (2005); *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003). While the Seventh Circuit has acknowledged that equitable tolling may apply to § 2244, the principle is only applied in exceptional circumstances. *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007); *see also Johnson v. Chandler*, 224 Fed. App'x. 515, 519 (7th Cir. 2007) ("[W]e have yet to identify a factual circumstance so extraordinary that it warrants equitable tolling."). Setting aside the issue of whether Williams "diligently" pursued his rights, as required by *Pace*, Williams makes no allegations regarding the 1997 through 2000 period which would rise to the level of "extraordinary circumstances" warranting equitable tolling.[4] As the doctrine of equitable tolling does not apply here, Gaetz's Motion to dismiss Williams' petition for a writ of habeas corpus as untimely filed is granted.

---

[4] In *Holland v. Florida*, 130 S. Ct. 2549 (2010), the Supreme Court held that equitable tolling is available for the statutory one-year limitations period that applies to federal habeas petitions, and the Eleventh Circuit's standard that does not recognize "gross negligence" of a defendant's attorney as sufficient, absent "bad faith, dishonesty, divided loyalty, mental impairment, or so forth," is too "rigid" a standard, so a remand to consider the facts of an attorney who apparently "abandoned" his client is required. Despite this recent ruling, Williams would still not be entitled to equitable tolling as there is no indication or claim of any type of ineffectiveness by petitioner's counsel in filing his post-conviction proceedings or his federal petition for writ of habeas corpus.

## CONCLUSION AND ORDER

Gaetz's Motion to Dismiss Petition For Writ of Habeas Corpus as Untimely Pursuant to 28 U.S.C. § 2244(d) is granted. Judges Lampkin and Pantle are dismissed as improper respondents to this petition. Williams' petition is dismissed.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 5, 2010