# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 6685 | **DATE** | 8/20/2010 |
| **CASE TITLE** | Michael Earl Williams vs. Gaetz | | |

**DOCKET ENTRY TEXT**

Williams' Motion for a Certificate of Appealability is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Michael Earl Williams ("Williams"), an Illinois state prisoner, filed a petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). Respondent Donald Gaetz ("Gaetz") filed a motion to dismiss arguing that Williams' petition was untimely. This Court granted Gaetz's motion and dismissed Williams' petition. Williams has now filed a notice of appeal and a "Certificate of Probable Cause to Appeal", which the Court construes as a motion for a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253©. For the reasons stated below, this Court denies the Motion.

Unless a district court issues a COA, a petitioner may not appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of state court . . . ." 28 U.S.C. § 2253. When a habeas corpus petition is dismissed on procedural grounds, the petitioner must first make a showing that jurists of reason would find it debatable whether the district court ruled correctly with respect to the procedural issue. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Then, the petitioner must show that jurists of reason would find it debatable that the petition states a valid claim of a denial of a constitutional right. *See id.* at 478.

Williams first argues that the Defendants procedurally defaulted by failing to answer "the complaint or summons." To the extent that Williams argues that the Defendants in this federal habeas case failed to answer his petition, he is incorrect. Respondent Gaetz, the only proper respondent to a federal habeas petition, responded by moving to dismiss the petition as untimely. The Court had granted a motion for extension of time to answer or otherwise plead, giving Gaetz until March 19, 2010 to do so; the motion to dismiss was filed on March 8, 2010. To the extent that Williams' argument is based upon procedural failings in the state court—he refers to summons issued in a case number that is different than the one before the Court and does not correspond to any relevant case pending in this District—errors of state law and

| STATEMENT |
|---|

procedure are not cognizable as grounds for federal habeas petitions. *See Perruquet v. Briley*, 390 F.3d 505, 511-512 (7th Cir. 2004).
Because he raises no cognizable claim that Gaetz defaulted, the Court will not grant a COA on procedural grounds.

Turning to the substantive issue of whether Williams' petition was untimely, the Court considers whether reasonable jurists would find the issue of whether Williams' petition was timely a debatable one. 28 U.S.C. § 2244 (d)(1) establishes a one year statute of limitations for persons held in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244 (d)(1). The date on which this one year period begins is the "date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A).

As the Court explained in detail in its Order dismissing Williams' petition, his filing period under § 2244(d)(1)(A) expired on March 4, 1998. His state court mandamus proceedings, initiated long after that date, did not toll the one-year period because "[t]he state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding . . . ." *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005). No state collateral review was pending during the critical first year following the date upon which Williams' state court conviction became final; thus, this petition was untimely even though it was filed within one year after the conclusion of Williams' belated state collateral attack.

Additionally, no other provisions of § 2244(d)(1) apply here that would present debatable grounds for a finding that Williams' petition was timely filed. In particular, his argument under § 2244(d)(1)©, based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is unavailing because *Apprendi* did not apply to offenders, like Williams, whose sentences were enhanced on the basis of prior convictions; nor did *Apprendi* apply retroactively to offenders who had been sentenced prior to the date upon which it was decided.

Therefore, Williams is well outside of the one year limitations period and does not cite any events that could support equitable tolling that would take him within the statute of limitations. Given these facts, reasonable jurists would not find the question of whether Williams' petition was timely filed debatable. Williams' Motion for a Certificate of Appealability is denied.